IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,         *

    Plaintiff,                    *

    v.                            *      Criminal No.: WDQ-10-0770

GERMAN DE JESUS VENTURA,          *

    Defendant.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION AND ORDER

German de Jesus Ventura[1] is charged with interstate transportation for prostitution, in violation of the Mann Act,[2] and other crimes.[3] On April 10, 2013, Ventura filed a paper[4] seeking various relief. ECF No. 171; see ECF No. 174 (English translation).[5] Because Ventura's correspondence appeared to express dissatisfaction with his court-appointed counsel Gerald Ruter, Esquire, the Court conducted an attorney inquiry hearing

---

[1] Also known as "Chino," "Chalo," "Pancho," "Chaco," and "Oscar." ECF No. 51.

[2] 18 U.S.C. § 2421.

[3] Kevin Garcia Fuertes is a codefendant in the case.

[4] Ventura's letter appears to be dated April 29, 2013. ECF No. 171.

[5] Ventura argued, among other things, that his counsel is ineffective, and the Government has unlawfully failed to provide him with Spanish translations of thousands of pages of discovery documents. ECF No. 174.

on April 11, 2013 ("Hr'g"). For the following reasons, Ventura's "motion" for new counsel and other relief will be denied.

The Sixth Amendment to the U.S. Constitution guarantees criminal defendants the right to counsel. U.S. Const. amend. VI. As a general matter, a defendant's right to counsel includes the right to retain counsel of his choosing. *Powell v. Alabama*, 287 U.S. 45, 53 (1932). However, an indigent defendant represented by court-appointed counsel has no right to have a particular attorney represent him. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). Rather, an indigent defendant with court-appointed counsel "can demand a different appointed lawyer only with good cause."[6] The decision to grant a criminal defendant's request for new court-appointed counsel is within the trial court's discretion. *Gallop*, 838 F.2d at 108. In considering the request, the court is "entitled" to consider "the countervailing state interest in proceeding on schedule." *Id.* (citing *Morris v. Slappy*, 461 U.S. 1, 13 (1983); *Sampley v. Att'y Gen. of N.C.*, 786 F.2d 610, 613 (4th Cir. 1986)). Of interest is the timeliness of the motion, and whether any

---

[6] *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988) (citing *United States v. Allen*, 789 F.2d 90, 92 (1st Cir. 1986)); see *United States v. Borders*, 69 F. App'x 130, 131 (4th Cir. 2003).

2

attorney/client conflict has "resulted in total lack of communication preventing an adequate defense." *Id.*

Although the Sixth Amendment guarantees a criminal defendant "the Assistance of Counsel for his defence," U.S. Const. amend. VI, the U.S. Supreme Court held in *Faretta v. California*, 422 U.S. 806 (1975) that the Amendment also implicitly protects an inverse right of self-representation. *Id.* at 834-35. To prevent a defendant from taking advantage of the "mutual exclusivity" of the rights to counsel and self-representation, an assertion of the latter must be "clear and unequivocal," "knowing, intelligent[,] and voluntary," and timely. *United States v. Frazier-El*, 204 F.3d 553, 558-59 (4th Cir. 2000) (*citing Faretta v. California*, 422 U.S. 806, 835 (1975)). In an ambiguous situation, the court must "ascribe a constitutional primacy to the right to counsel" because this right, which serves "both the individual and collective good," outweighs the defendant's interest in acting as his own attorney. *Id.* at 559 (internal quotation marks omitted).

Ventura's correspondence, which the Court construed as, among other things, a request for new court-appointed counsel, was filed midway through trial and was thus untimely. *See Gallop*, 838 F.2d at 108. At the hearing, the Court nevertheless inquired into the adequacy of Ventura's counsel's representation and whether Ventura desired to proceed *pro se*. Hr'g.

3

Ventura conceded that he is unfamiliar with the U.S. legal system and would certainly be convicted if he represented himself. Hr'g. He also indicated that his dissatisfaction with current counsel extends to any attorney who would be appointed to replace him. *Id.* He asserted that current counsel is no worse than a replacement would be, because any attorney would be overly influenced by the Government. *Id.* Ventura considers Ruter among the best of a bad lot. *Id.*

Given Ventura's allegations as to discovery violations, the Court also inquired about the Government's policy that prohibits the release of discovery documents to criminal defendants; the Government indicated such release is explicitly prohibited. Hr'g.[7] Ventura, in turn, reiterated complaints that had been the subject of an attorney inquiry hearing held on April 9, 2013 before U.S. Magistrate Judge Stephanie A. Gallagher. Hr'g; *see* ECF No. 164.

---

[7] The Court finds that neither Ruter nor the Assistant U.S. Attorneys have committed sanctionable discovery violations. At the hearing, Ruter stated his belief that the Government had complied with its discovery obligations and that he had shared all relevant, important information with Ventura. Hr'g. To the extent that Ventura argues he should have been given the materials directly, he is incorrect. As stated above, under agreement with the U.S. Attorney's office, defense counsel may not give copies of discovery materials to criminal defendants. The Government's policy is sound: a cooperating witness in this district was killed after court-appointed counsel disobeyed the rule; the attorney was disbarred.

This Court believes Judge Gallagher correctly concluded that Ventura's relationship with Ruter is not so broken as to render impossible an effective defense. *Gallop*, 838 F.2d at 108. To the contrary: Ventura expressed to this Court his relative satisfaction with Ruter's services, and evidenced no clear desire to represent himself. Hr'g. Moreover, the Government has a compelling interest in proceeding on schedule in this two-defendant litigation, which has been pending since November 2010 and for the prosecution of which the Government has spent "close to" $100,000 to date. *Id.*

The Court understands that, as an alien, Ventura is in the unenviable position of being prosecuted in a complex legal system that he does not understand. Ventura should rely on the excellent skills of his fifth court-appointed counsel, who has worked diligently and competently to protect Ventura's rights before and during trial.

For the reasons stated above, it is, this 15th day of April 2013, ORDERED that:

1. Ventura's request for various relief, construed as a motion for new counsel, a motion for self-representation, and a motion for sanctions against the Government for discovery abuses (ECF No. 171) BE, and HEREBY IS, DENIED; and

2. The Clerk of the Court shall send copies of this Memorandum Opinion and Order to counsel for the parties.

_____
William D. Quarles, Jr.
United States District Judge