IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * CRIMINAL NO.: WDQ-10-0770 |
| GERMAN DE JESUS VENTURA | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

German de Jesus Ventura[1] was convicted of interstate transportation for prostitution, in violation of the Mann Act,[2] and other crimes. For the following reasons, Ventura's motions for new counsel will be denied. Ventura's motions for a judgment of acquittal or a new trial will also be denied.

I. Background[3]

German de Jesus Ventura and Kevin Garcia Fuertes were tried together on interstate prostitution and related charges. Trial was held from April 8 to April 22, 2013. ECF No. 163. The evidence established that Ventura operated a prostitution business in Maryland and Virginia. The Government presented the testimony of Carlos Ascencio, an employee of Ventura, who

---

[1] Also known as "Chino," "Chalo," "Pancho," "Chaco," and "Oscar."

[2] 18 U.S.C. § 2421.

[3] For a more detailed factual background, see ECF No. 161.

accompanied Ventura when he transported a prostitute from Maryland to a brothel in Virginia. Esmirna Rebeca Dueñas Franco testified that Ventura used violence to force her to engage in prostitution, including threatening and beating her with a gun.

On April 22, 2013, the jury found Ventura guilty on all Counts. ECF No. 191. On April 24, 2013, Ventura moved *pro se* for a new trial. ECF No. 199; see ECF No. 202 (English translation). On May 1, 2013, Fuertes and Ventura jointly moved for judgment of acquittal or a new trial. ECF No. 200.[4] On May 22, 2013, the Government responded to Ventura's *pro se* motion. ECF No. 207. On July 5, 2013, Ventura moved *pro se* for a new trial. ECF No. 217; see ECF No. 236 (English translation). On July 8, 2013, Ventura filed a *pro se* motion for ineffective assistance of counsel. ECF No. 218. On July 10, 2013, the Government responded to Ventura's motions. ECF No. 220. On July 11, 2013, the Court conducted an attorney inquiry hearing and denied Ventura's request for appointment of new counsel.

On July 19, 2013, Ventura filed a paper expressing his dissatisfaction with his counsel and his prison conditions. ECF No. 229; see ECF No. 234 (English translation). On August 6, 2013, Ventura filed a paper stating, among other things, his

---

[4] The motion contained a "stipulation of opposition," which provided that the Government opposed the requested relief, but "need only . . . respon[d] to the final defense filing." ECF No. 200 at 3.

frustration in not receiving translated court documents. ECF No. 239. On August 16, 2013, the Government responded to the joint motions of Fuertes and Ventura. ECF No. 242. On September 16, 2013, Ventura filed a "motion asking for a new attorney" and requested documents about his case. ECF No. 252; see ECF No. 256 (English translation). On October 1, 2013, an attorney inquiry hearing was held before Magistrate Judge Beth P. Gesner. ECF No. 259. Ventura's request for new counsel was denied. Id.

On October 11, 2013, Ventura filed a paper requesting, among other things, a new attorney and asking to have points removed from his presentence report. ECF No. 266; see ECF No. 267 (English translation). On October 29, 2013, Ventura filed a paper requesting documents about his case and 2255 forms, and complaining of health issues. ECF No. 271; see ECF No. 272 (English translation). On November 8, 2013, Ventura filed a paper detailing his various medical problems and requesting medical care. ECF No. 273.

II. Analysis

A. Motions for a New Trial or Judgment of Acquittal

Ventura asserts a number of arguments in his pro se motion for a new trial: (1) witnesses were paid by the prosecution to provide false testimony at trial; (2) Dueñas Franco's criminal record was not investigated; (3) his attorney did not

3

effectively represent him; (4) his rights were violated during a November 15, 2010 arrest; and (5) he did not receive discovery documents. ECF No. 119; *see* ECF No. 202 (English translation). Rule 33 permits a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Court "should exercise its discretion to grant a new trial sparingly, and . . . should do so only when the evidence weighs heavily against the verdict."[5]

Ventura first argues that he is entitled to a new trial because prosecution witnesses were bribed into presenting false testimony. ECF No. 199; ECF No. 202. "A conviction acquired through the knowing use of perjured testimony by the prosecution violates due process." *United States v. White*, 238 F.3d 537, 540 (4th Cir. 2011). The defendant bears the heavy burden of showing that the testimony was false and that the Government knew it to be so. *See United States v. Griley*, 814 F.2d 967, 970-71 (4th Cir. 1987). Ventura has not carried this burden because he has not shown that any Government witness committed perjury. Ventura's unsupported claims of prosecution bribery and false witness testimony are not sufficient to obtain a new trial.

---

[5] *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (*citing United States v. Wilson*, 118 F.3d 227, 237 (4th Cir. 1997) (internal quotations omitted)).

Ventura argues he is entitled to a new trial based on the allegedly inadequate investigation of Dueñas Franco's criminal record. ECF No. 199; ECF No. 202. Ventura does not provide any factual information to support this allegation. To the extent that Ventura is arguing that he is entitled to a new trial based on *Brady v. Maryland*, 373 U.S. 83 (1963), he must show that evidence was: (1) favorable to him; (2) material; and (3) suppressed by the government. *United States v. Stokes*, 261 F.3d 496, 502 (4th Cir. 2001). Here, Ventura has not shown that there is additional evidence of Dueñas Franco's criminal record; thus, a new trial will not be granted on this basis.

Ventura further argues he should be granted a new trial because of ineffective assistance of counsel. ECF No. 199; ECF No. 202. Although typically raised in a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, "[a] claim of ineffective assistance of counsel may be brought as a motion for new trial based on 'other grounds' under Fed. R. Crim. P. 33." *United States v. Smith*, 62 F.3d 641, 650 (4th Cir. 1995).

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Ventura must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. Ventura must establish that counsel made errors so serious that

5

the "representation fell below an objective standard of reasonableness." *Id.* 688. To show prejudice, Ventura also must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Ventura generally alleges a number of errors by trial counsel, Gerald Ruter, Esquire, including failure to prepare, failure to engage in discovery, and failure to challenge inadmissible evidence. Ventura has not shown that his counsel's conduct fell below an objective standard of reasonableness. Ruter filed numerous motions to suppress evidence against Ventura and vigorously defended him at trial. Ventura also does not attempt to show that he was prejudiced by any of Ruter's alleged errors. Ventura's unsupported allegations do not establish ineffective assistance of counsel.

Ventura also asserts that a new trial should be granted because his right to consult with counsel was violated during a November 15, 2010 arrest. ECF No. 199; ECF No. 202. Although the Court found that the interview did not violate Ventura's rights,[6] Ventura was not prejudiced by the alleged violation because the Government did not introduce any part of Ventura's November 15, 2010 statements during the trial. ECF No. 207 at 4.

---

[6] ECF No. 161 at 38.

Ventura's allegations of discovery violations were previously addressed by the Court. In an April 15, 2013 opinion, the Court found that neither Ventura's counsel nor the Assistant U.S. Attorneys had committed sanctionable discovery violations. ECF No. 178 at 4 n.7. Ventura is incorrect in arguing that he should have been given discovery materials directly. To protect cooperating witnesses, Government policy prohibits defense counsel from giving copies of discovery materials to criminal defendants.

Additionally, Ventura argues in his consolidated motions for a new trial and judgment for acquittal that the evidence was insufficient to sustain his convictions, and the verdict was against the weight of the evidence. ECF No. 200 at 2.[7] Federal Rules of Criminal Procedure 29 and 33 govern motions for judgment of acquittal and new trial, respectively. The motions are governed by different standards.

A Rule 29 motion challenges the sufficiency of the evidence supporting the conviction. The Court must determine whether, "viewing the evidence in the light most favorable to the

---

[7] Without elaboration, Ventura also "reasserts each and every ground previously set forth" in motions and objections at trial. ECF No. 200 at 2. Because Ventura has provided no grounds for reconsidering these arguments, the Court will not change the earlier rulings.

7

government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt."[8]

Under Rule 33, one basis for granting a new trial under Rule 33 is that the jury's verdict was against the weight of the evidence. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). When a defendant relies on this basis, "the court's authority is much broader" than under Rule 29. *Id.* The court "is not constrained by the requirement that it view the evidence in the light most favorable to the government," and it may evaluate the credibility of witnesses. *Id.* This discretion, though broad, should be exercised "sparingly;" a new trial should be granted "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003).

Ventura's motion fails under both standards. Without elaboration, he argues that the verdict was "unsupported by adequate evidence" and "against the weight of the evidence." ECF No. 200 at 2. The evidence showed that Ventura operated a prostitution business in Maryland and Virginia. He and his employees transported women interstate for the purpose of prostitution. The evidence also showed that he used threats and violence to force Dueñas Franco to engage in prostitution,

---

[8] *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008) (internal citation and quotation marks omitted).

including threatening her with a gun. The Government's evidence, viewed under either Rule 29 or Rule 33, supported the jury's verdict against Ventura.[9]

B.   Motions for New Counsel

Because Ventura's correspondence on September 16, 2013 appeared to request a new attorney,[10] Magistrate Judge Beth P. Gesner conducted an attorney inquiry hearing on October 1, 2013. ECF No. 259. On October 11, 2013, the Court received other correspondence from Ventura requesting a new attorney and other relief.[11] For the following reasons, Ventura's "motions" for new counsel and other relief will be denied.

A defendant's Sixth Amendment right to counsel includes the right to retain the counsel of his choosing. *Powell v. Alabama*, 287 U.S. 45, 53 (1932). An indigent defendant represented by court-appointed counsel has no right to have a particular

---

[9] To the extent that Ventura moves for a new trial and asserts a claim for ineffective assistance of counsel in his other letters, ECF Nos. 217, 218, they are untimely. A motion for a new trial based on 'other grounds' must be filed within 14 days after the verdict. Fed. R. Crim. P. 33. Additionally, Ventura's subsequent filings requesting a new trial and claiming ineffective assistance of counsel contain similar allegations as his timely motions.

[10] ECF No. 252; see ECF No. 256 (English translation).

[11] Ventura's October 11, 2013 letter requested documents, requested that criminal history points be removed from his presentence report for certain crimes, and asked the Court to assign him a new attorney. See ECF No. 266; ECF No. 267 (English translation).

attorney represent him.  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006).

On October 1, 2013, Magistrate Judge Gesner conducted an attorney inquiry hearing. ECF No. 259. Ventura's subsequent correspondence reiterates his complaints about his counsel and lack of access to documents. *See* ECF No. 267. Judge Gesner correctly concluded that Ventura's relationship with counsel is not so broken as to render impossible effective representation. *See United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988). Accordingly, Ventura's requests for various relief, construed as motions for new counsel, will be denied.

C.  Ventura's Requests for Various Other Relief

In several letters, Ventura requests documents, 2255 forms, care for medical conditions, and that criminal history points be removed from his presentence report. *See* ECF Nos. 266, 267, 271, 272, 273. Although Ventura has not been sentenced, on October 20, 2013, the Court sent him the requested 2255 packet. Ventura's additional complaints were incorporated by counsel into the supplemental sentencing pleading, and they will be considered by the Court in sentencing. *See* ECF No. 275 (sealed). Because Ventura does not request appropriate relief

in these additional filings,[12] the Court will not construe them as formal motions.

III. Conclusion

For the reasons stated above, Ventura's motions for judgment of acquittal or a new trial will be denied.[13] Ventura's requests for various relief, construed as motions for new counsel will be denied.

| | |
|---|---|
| 11/25/13 | /s/ |
| Date | William D. Quarles, Jr.<br>United States District Judge |

---

[12] For example, Ventura requested that the Court order that he be operated on for various medical issues. See ECF No. 271; ECF No. 272 (English translation); ECF No. 273.

[13] Because Ventura's motions were not construed as motions under 28 U.S.C. § 2255, the Court need not consider whether to issue a Certificate of Appealability. See Rule 11(a) of the Rules Governing Proceedings under Section 2255.