IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERMAN DE JESUS VENTURA,   *

    Petitioner,   *

    v.   *   Civ. Action No. RDB-19-0762
                                           Crim. Action No. RDB-10-0770

UNITED STATES OF AMERICA,   *

    Respondent.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

On April 22, 2013, a jury convicted German De Jesus Ventura ("Petitioner" or "Ventura") of seven counts related to sex trafficking, prostitution, and using a firearm in furtherance of a violent crime. (Jury Verdict, ECF No. 191.) On December 2, 2013, the Honorable William D. Quarles, Jr. of this Court[1] sentenced Petitioner to 420 months of imprisonment. (Judgment, ECF No. 285.) Subsequently, Petitioner appealed. (Notice of Appeal, ECF No. 287.) On appeal, the United States Court of Appeals for the Fourth Circuit vacated Petitioner's conviction for possession and use of a firearm in relation to a crime of violence—namely, sex trafficking by force, fraud, or coercion—in violation of 18 U.S.C. § 924(c) (Count Seven) and remanded the case for resentencing. (Judgment, ECF No. 325.) On December 15, 2015, this Court resentenced Ventura to an aggregate of 420 months of imprisonment. (Amended Judgment, ECF No. 349.) The Fourth Circuit affirmed the sentence. (Judgment, ECF No. 376.) Now pending before this Court is Petitioner's Motion

---

[1] On August 15, 2016, this case was reassigned from the Honorable William D. Quarles, Jr. to the undersigned.

to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 389.) For the following reasons Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 389) is DENIED.

## BACKGROUND

From at least 2008 until his arrest on November 15, 2010, German DeJesus Ventura ("Petitioner" or "Ventura") and his co-defendant, Kevin Garcia Fuertes, operated a chain of brothels extending to Annapolis and Easton, Maryland as well as Portsmouth, Virginia. *United States v. Ventura*, 864 F.3d 301, 304-06 (4th Cir. 2017). Ventura engaged in acts of extreme violence toward the women in his brothel. *Id.* at 305-06. For example, Ventura compelled one woman, Rebeca Duenas Franco, to engage in prostitution against her will and beat her when she resisted. *Id.* at 305. Ventura's violence also extended to competitor pimps. During its investigation into Ventura's activities, the Annapolis Police Department uncovered evidence that Ventura had ordered the murder of a rival pimp, Ricardo Humberto "el Pelon" Rivas Ramirez in September 2008. *Id.* at 304-05. In November 2010, "several men believed to be operating at Ventura's behest seriously assaulted competitor-pimp Hector Fabian Avila." *Id.* at 306. The assault prompted Ventura's arrest at his home in Capitol Heights, Maryland, on November 15, 2010. *Id.*

On December 14, 2010, the Petitioner was indicted for Transporting Individuals to Engage in Prostitution and Aiding and Abetting. (Indictment, ECF No. 23.) A Superseding Indictment (ECF No. 51) was filed on November 29, 2011 which charged the Petitioner with Conspiracy Related to Interstate Prostitution (Count One), Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2 (Count Two), Coercion and

Enticement in violation of 18 U.S.C. § 2422(a) and 18 U.S.C. § 2 (Count Three), Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2 (Count Four), Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2421 and 18 U.S.C. § 2 (Count Five), Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. § 1591(a) and 18 U.S.C. § 2 (Count Six), and Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Seven). Ventura' case was submitted to a jury, which returned a guilty verdict on all seven counts of the Superseding Indictment. (Jury Verdict, ECF No. 191.) On December 2, 2013, this Court sentenced Ventura to 420 months of imprisonment. (Judgment, ECF No. 285.)

Petitioner appealed and the Fourth Circuit affirmed his conviction in part, vacated the § 924(c) conviction and remanded the case for resentencing. (Judgment, ECF No. 325.) Subsequently, this Court resentenced Petitioner to 420 months of imprisonment. (Amended Judgment, ECF No. 349.) The Fourth Circuit affirmed Petitioner's sentence on July 18, 2017. (Judgment, ECF No. 376.) On March 12, 2019, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (ECF No. 389.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 689 Fed App'x 141 (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct

3

his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, ___ U.S. ___, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

Ventura petitions this Court to vacate his sentence on the ground that he was provided ineffective assistance of counsel during his trial.[2] (ECF No. 389 at 4.) As Petitioner has filed his Motion to Vacate outside the one-year limitation without a valid justification and has not

---

[2] Petitioner presented portions of his Motion to Vacate in Spanish. On March 18, 2019, this Court ordered the Office of the Clerk of the United States District Court for the District of Maryland to provide to the Court and the Office of the United States Attorney a translation of the Petitioner's pleadings. (Order, ECF No. 392.) On or about May 28, 2019, a representative of the Clerk's office conveyed to government counsel an unofficial translation of the Spanish portions of the Motion. (Motion for Extension of Time 2, ECF No. 395.)

4

established an ineffective assistance of counsel claim, his Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 389) is DENIED.

## I. The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 389) is untimely.

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014). For federal criminal defendants who do not file petitions for certiorari, a conviction becomes "final" for purposes of Section 2255's limitations period 90 days after the Court of Appeals enters judgment. *Clay v. United States*, 537 U.S. 522, 524–25 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).

The Government asserts that Petitioner's Motion is untimely and must be dismissed. Petitioner appealed the resentencing and the Fourth Circuit affirmed the decision on July 18, 2017 and issued its Mandate on August 9, 2017. (Judgment, ECF No. 376; Mandate, ECF No. 381.) Petitioner filed his motion to vacate pursuant to § 2255 on March 12, 2019, over one and a half years later. Petitioner's only explanation for his delayed filing is that he has been housed in solitary confinement since March 20, 2018 and has been unable to access legal

resources or a law library. (ECF No. 389 at 11.) Petitioner appears to argue that he faces an ongoing unconstitutional impediment to filing his motion pursuant to 28 U.S.C. § 2255(f)(2).

Prisoners have a constitutionally protected right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174 (1996). To that end, they must be afforded a "reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356, 116 S. Ct. 2174. As this Court has previously recognized, the inability to access a law library may impede this right, thereby triggering the limitations provision of § 2255(f)(2). *See Cornish v. United States*, RDB-07-0604, 2014 WL 11474789, at *2 (D. Md. Oct. 27, 2014) (holding that the "inability to access a law library or legal materials, or even an inadequate prison library" may amount to an unconstitutional impediment under § 2255(f)(2)) (citations omitted). A prisoner's inability to access the law library, however, is not itself a constitutional violation. To avail himself to § 2255(f)(2), the prisoner must also show that "this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising the fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).

In this case, Petitioner has not established that he has been impeded from exercising his constitutional right to access the courts. Petitioner claims only that he has "been in solitar[y] confinement in the Marion County Jail since March 20, 2018" and that he "do[es] not have access to a law library." (ECF No. 389 at 12.) He has failed to indicate, however, precisely why he has been unable to advance the claims he now asserts or how access to a law library would have helped him. Furthermore, as described *infra*, Petitioner's claims are wholly

6

without merit and cannot be salvaged with the assistance of a library. Moreover, Petitioner appears to have adequate channels of communication with the court system, as he has filed informal correspondence with this Court on at least three occasions since the Fourth Circuit rejected his appeal. (ECF Nos. 384, 386, 387.) Having failed to show that his denial of access to a law library prejudiced him in some way, Petitioner cannot avail himself to the limitations period of § 2255(f)(2). Accordingly, Petitioner's Motion is untimely because he did not file it until well over a year after his judgment of conviction became final.

## II. Petitioner's ineffective assistance of counsel claim must fail.

Even if Petitioner's Motion had been timely filed, his ineffective assistance of counsel claim has no merit. A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner ". . .must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. Specifically, a Petitioner must identify ". . .the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.*

7

At 690. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

Petitioner argues that his counsel was ineffective because his attorney did not review evidence with him before trial, did not meet with him sufficiently early prior to the trial, and failed to prevent the government's witnesses, Rebeca Duenas Franco and Sandra Flores, from testifying. (ECF No. 389.) Petitioner, however, has failed to establish that his counsel's performance was deficient. Petitioner requested and received five changes of counsel. (Memorandum Opinion and Order 5, ECF No. 178.) In denying Petitioner's motion seeking a sixth appointed counsel and raising various discovery issues, Judge Quarles of this Court noted that the Petitioner himself had expressed relative satisfaction with his attorney. (*Id.*) Specifically, this Court highlighted that his appointed counsel ". . .worked diligently and competently to protect Ventura's rights before and during trial." (*Id.*) Further, this Court explained that the documents Petitioner requested to personally review could not be released to him as defense counsel was not authorized to give copies of discovery materials directly to

8

criminal defendants in order to protect cooperating witnesses. (*Id.* at 4.) In the Order, this Court concluded that neither Petitioner's attorney nor the U.S. Attorney's Office had committed any discovery violations. *Id.*

Finally, Ventura has not articulated what actions his counsel should have taken with respect to witnesses Rebeca Duenas Franco and Sandra Flores. Ventura's generalized complaints about the testimony of these witnesses cannot rebut the presumption that his appointed counsel behaved in accordance with a valid trial strategy. To the extent that Ventura faults his attorney for failing to prevent these witnesses from testifying, he has not presented any grounds for the exclusion of their testimony. Accordingly, Petitioner's Motion to Vacate (ECF No. 389.) is DENIED.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate (ECF Nos. 389) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant, which is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Ventura's claims debatable, a certificate of appealability is DENIED.

A Separate Order follows.

Dated: November 22, 2019

*[signature]*

Richard D. Bennett
United States District Judge