IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-10-770 |
| GERMAN DE JESUS VENTURA, | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On April 22, 2013, a jury convicted German De Jesus Ventura ("Defendant" or "Ventura") of seven counts related to sex trafficking, prostitution, and using a firearm in furtherance of a violent crime. (Jury Verdict, ECF No. 191.) Specifically, Ventura was found guilty of one count of conspiracy related to interstate prostitution in violation of 18 U.S.C. § 371 (Count One); three counts of interstate transportation for prostitution in violation of 18 U.S.C. § 2421 (Counts Two, Four, and Five); one count of persuading, inducing, enticing and coercing an individual to travel in interstate commerce for prostitution and illegal sexual activity in violation of 18 U.S.C. § 2442(a) (Count Three); one count of sex trafficking by force, fraud and coercion in violation of 18 U.S.C. § 1591(a) (Count Six); and one count of possession of firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Seven). (*Id.*) Of relevance here, Counts Six and Seven imposed mandatory minimums, with Count Six carrying a mandatory minimum of fifteen years, 18 U.S.C. § 1591(d), and Count Seven carrying a mandatory minimum of five years consecutive to any other count, 18 U.S.C.

1

§ 924(c). On December 2, 2013, the Honorable William D. Quarles Jr. of this Court[1] sentenced Defendant to 420 months of imprisonment—60 months on Count One; 120 months on Count Two, concurrent with sentence on Counts One; 240 months on Count Three, concurrent with sentences on Counts One and Two; 120 months on Counts Four and Five, concurrent with sentences on Counts One through Three; 360 months on Count Six, concurrent with sentences on Counts One through Five; and 60 months on Count Seven, consecutive to sentences on Counts One through Six. (Judgement, ECF No. 285.)

After Defendant successfully appealed his § 924(c) conviction, Judge Quarles resentenced Ventura to an aggregate of 420 months' imprisonment on December 15, 2015. (Amended Judgement, ECF No. 349.) During the resentencing hearing, Judge Quarles explained that Ventura's total offense level of 42 and criminal history of I resulted in an "advisory sentencing guidelines range [of] 360 months to life." (ECF No. 359 at 37.) Judge Quarles proceeded to recount Ventura's violent acts underlying his conviction as well as Ventura's behavior while incarcerated, noting "[t]here is [a] strong basis for [a] substantial sentence in this case." (*Id.* at 37–38.) The United States Court of Appeals for Fourth Circuit subsequently affirmed the sentence. (ECF No. 376.) Defendant is currently 47 years old and incarcerated at United States Penitentiary, Victorville. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (search by register number: 52796-037). Ventura's anticipated release date is currently October 21, 2044, *id.*, meaning he

---

[1] On August 15, 2016, this case was reassigned from Judge Quarles to the Undersigned Judge.

will be 66 years old upon his release. He will then be deported.² (ECF Nos. 284 *SEALED* at 20; 410 *SEALED* at 33.)

Presently pending before this Court is Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion") (ECF No. 401), wherein Ventura requests a reduced sentence, chiefly arguing that the COVID-19 pandemic and his alleged lung damage present an extraordinary and compelling reason to reduce his sentence. In addition to the Motion, Defendant filed a Supplement (the "Supplement") (ECF No. 406) to his request for compassionate release, wherein Ventura argues that his sentence created an unwarranted sentencing disparity. *Id.* at 2. He requests a reduction in sentence to 20–25 years. *Id.* at 4. The Government responded in opposition to Ventura's Motion and Supplement. (ECF No. 410 *SEALED*.) The Court has reviewed the relevant filings and finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 401), as supplemented (ECF No. 406), is GRANTED IN PART. Specifically, the Court reduces his sentence to a total term of 360 months' incarceration.

## BACKGROUND

From at least 2008 until his arrest on November 15, 2010, Ventura and his co-defendant, Kevin Garcia Fuertes, operated a chain of brothels extending across Maryland and Virginia. *United States v. Ventura*, 864 F.3d 301, 304–06 (4th Cir. 2017). Defendant engaged in violence toward rival pimps and the women in his brothel. *Id.* at 304–06. In

---

² Ventura is a citizen of El Salvador and entered the United States in 1997. (ECF No. 284 ¶¶ 102–103 *SEALED*.) When United States Immigration and Customs Enforcement determined Ventura was not legally in the United States, it initiated removal proceedings. (*Id.* ¶ 104 *SEALED*.)

November 2010, "several men believed to be operating at Ventura's behest seriously assaulted [a] competitor-pimp," prompting Ventura's arrest on November 15, 2010. *Id.* at 306.

On December 14, 2010, Defendant was indicted for transporting individuals to engage in prostitution and aiding and abetting in violation of 18 U.S.C. §§ 2421, 2. (Indictment, ECF No. 23.) A Superseding Indictment (ECF No. 51) was filed on November 29, 2011, which charged Defendant with one count of conspiracy related to interstate prostitution in violation of 18 U.S.C. § 371 (Count One); three counts of interstate transportation for prostitution in violation of 18 U.S.C. § 2421 (Counts Two, Four, and Five); one count of persuading, inducing, enticing and coercing an individual to travel in interstate commerce for prostitution and illegal sexual activity in violation of 18 U.S.C. § 2442(a) (Count Three); one count of sex trafficking by force, fraud and coercion in violation of 18 U.S.C. § 1591(a) (Count Six); and one count of possession of firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Seven). Defendant's case was submitted to a jury, which returned a guilty verdict on all seven counts of the Superseding Indictment. (Jury Verdict, ECF No. 191.) Notably, Counts Six and Seven imposed mandatory minimums, with Count Six carrying a mandatory minimum of fifteen years, 18 U.S.C. § 1591(d), and Count Seven carrying a mandatory minimum of five years consecutive to any other count, 18 U.S.C. § 924(c).

On December 2, 2013, Judge Quarles sentenced Ventura to 420 months' imprisonment. (Judgement, ECF No. 285.) Specifically, Judge Quarles sentenced Ventura to 60 months on Count One; 120 months on Count Two, concurrent with sentence on Counts One; 240 months on Count Three, concurrent with sentences on Counts One and Two; 120 months on Counts Four and Five, concurrent with sentences on Counts One through Three;

4

360 months on Count Six, concurrent with sentences on Counts One through Five; and 60 months on Count Seven, consecutive to sentences on Counts One through Six. (*Id*.)

Defendant appealed and the United States Court of Appeals for the Fourth Circuit affirmed his conviction in part, vacated the § 924(c) conviction, and remanded the case for resentencing. (Judgement, ECF No. 325.) Judge Quarles resentenced Ventura to an aggregate of 420 months' imprisonment on December 15, 2015. (Amended Judgement, ECF No. 349.) That is, Judge Quarles sentenced Ventura to 60 months on Count One; 120 months on Count Two, concurrent with sentence on Counts One; 240 months on Count Three, concurrent with sentences on Counts One and Two; 120 months on Counts Four and Five, concurrent with sentences on Counts One through Three; 420 months on Count Six, concurrent with sentences on Counts One through Five. (*Id*.) During the resentencing hearing, Judge Quarles explained that Ventura's total offense level of 42 and criminal history of I resulted in an "advisory sentencing guidelines range [of] 360 months to life." (ECF No. 359 at 37.) Judge Quarles proceeded to recount Ventura's violent acts underlying his conviction as well as Ventura's behavior while incarcerated, noting "[t]here is [a] strong basis for [a] substantial sentence in this case." (*Id.* at 37–38.) Ventura once again appealed, and the Fourth Circuit affirmed Defendant's sentence on July 18, 2017. (Judgement, ECF No. 376.)

Since his resentencing, Ventura has sought various forms of post-conviction relief, such as the pending Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 401), which Defendant has since supplemented (ECF No. 406). The Government responded in opposition (ECF No. 410 *SEALED*), and Ventura's Motion (ECF No. 401), as supplemented (ECF No. 406), is ripe for review.

5

**STANDARD OF REVIEW**

As Defendant has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

**ANALYSIS**

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act now permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). Once these mandatory conditions are satisfied, a Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *see United States v. Malone*, 57 F.4th 167, 194 (4th Cir. 2023).

As more fully explained below, Ventura has "fully exhausted his administrative rights" as required by 18 U.S.C. § 3582(c)(1)(A). Further, he has provided evidence to sufficiently demonstrate the existence of "extraordinary and compelling reasons," *id.* § 3582(c)(1)(A)(i), and the factors laid out in § 3553(a) weigh in favor of his release.

6

**I.        Ventura Has Exhausted His Administrative Remedies.**

Defendant has exhausted his administrative remedies. One of the mandatory conditions laid out in 18 U.S.C. § 3582(c)(1)(A) requires a defendant to demonstrate that "[he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C § 3582(c)(1)(A).

While Defendant did not exhaust his administrative remedies prior to filing his Motion on January 6, 2021, he submitted a request to the warden of United States Penitentiary, Victorville on September 4, 2024, which the warden denied on October 2, 2024. (ECF Nos. 410-5 *SEALED*; 410-6 *SEALED*.) According to the Government, because the basis for the 2024 request was for an unwarranted sentencing disparity, as opposed to the COVID-19 concerns cited in his Motion, Ventura has failed to exhaust his administrative remedies. (ECF No. 410 *SEALED* at 24–26.) The Court is unpersuaded, as the Fourth Circuit has explained that "§ 3582(c)(1)(A) does not require issue exhaustion." *United States v. Ferguson*, 55 F.4th 262, 269 (4th Cir. 2022). In *Ferguson*, the Fourth Circuit explained that a compassionate release motion in the district court is not limited "to only those grounds for compassionate release [the defendant] identified in his request to the BOP." *Id.* at 268; *see also United States v. Brown*, 78 F.4th 122, 130–31 (4th Cir. 2023). Even if the Court accepted the Government's argument and found Ventura did not make the proper effort, judges in this Court have "assume[d], *arguendo*, that [a *pro se* defendant] has exhausted" administrative efforts if a motion for compassionate release is pending. *United States v. Thomas,* No. ELH-18-0246, 2025 WL

1504831, at *10 (D. Md. May 27, 2025). The Court therefore finds that Ventura has exhausted his administrative remedies under § 3582(c)(1)(A).

**II.    Ventura Has Established Extraordinary and Compelling Circumstances.**

Ventura has presented extraordinary and compelling circumstances in his Supplement. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A)(i).   28 U.S.C. § 994(t).   The Commission has identified six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction.  These reasons include:

> (1) a serious medical circumstance of the defendant;
> (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6).

In his Supplement, Defendant argues "his sentence is unreasonable." (ECF No. 406 at 2.)   Notably, Defendant appealed his § 924(c) conviction on the grounds that "sex trafficking by force fraud, or coercion . . . is not categorically a crime of violence." (ECF No. 376 at 8). The Fourth Circuit agreed, noting that "[five] years of a man's life is not a trifling thing," and it simply could not "require a man to serve [five] underserved years in prison when [it knew] that the sentence [was] improper." (ECF No 376 at 8) (internal quotations and citation omitted).  Yet, after his § 924(c) conviction was vacated, Defendant was resentenced to the same 420-month sentence. (ECF No. 349).

8

Here, the Court agrees with other Judges of this district, who have noted that the "excessive length of [a] sentence constitutes an extraordinary and compelling reason for release." *United States v. Brown*, 706 F. Supp.3d 516, 520 (D. Md. 2023); *see also United States v. Spriggs*, No. ELH-09-0361, 2024 WL 5186703, at *20 (D. Md. Dec. 20, 2024). Further, as Judge Hollander has noted, a court may "also consider that some of defendant's incarceration occurred in the midst of a global pandemic, which generally has '"increased the severity of the sentence beyond what was originally anticipated."' *United States v. Cheese*, No. ELH-08-0415, 2022 WL 17721142, at *17 (D. Md. Dec. 15, 2022) (quoting *United States v. Green*, No. TDC-10-761, 2020 WL 2992855, at *4 (D. Md. June 4, 2020)).

Therefore, the Court finds Defendant has demonstrated extraordinary and compelling circumstances and, consequently, is eligible for compassionate release. Accordingly, the sentencing factors enumerate in § 3553 are explored below.

### III. The Section 3553(a) Factors Weigh in Favor of a Reduction in Sentence.

In *United States v. McCoy*, the Fourth Circuit made clear that "courts should be empowered to relieve some defendants of . . . sentences on a case-by-case basis." 981 F.3d 271, 286–87 (4th Cir. 2020). Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *Id.* at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing

9

disparities among similarly situated defendants. 18 U.S.C. § 3553(a). Defendant has requested that his 420-month sentence be reduced to 240–300 months, so he could "be deported back to his country sooner than later so that he can spend time with him [*sic*] family and children." (ECF No. 406 at 4.)

In conducting an individualized assessment of Ventura and his case, this Court first considers his personal history and characteristics. Though Ventura's crimes of conviction are serious, his criminal history is limited to a conviction for driving while impaired by alcohol in Queen Anne's County, Maryland, on March 30, 2010. (ECF No. 284 *SEALED* at 13–14.) While he was disciplined during the first few years of his incarceration, Ventura has only been sanctioned once in the past seven years.[3] (ECF No. 410 at 33.)

The Court must also consider a defendant's post-sentencing rehabilitation efforts in regard to a motion for compassionate release. *Spriggs*, 2024 WL 5186703, at *20; (citing *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021)). Notably, Defendant has "found Islam in prison and faithfully practices his religion." (ECF No. 406 at 4.) As a result of these efforts, he "recognizes how wrong he was to engage in the harmful acts he engaged in against women who very well could have been his daughter or sister." (*Id.*) His remorse, considered alongside his desire "to be deported back to his country sooner than later so that he can spend time with him [*sic*] family and children" is compelling. (*Id.*)

At this point, Defendant has been incarcerated for fourteen years, over 40% of his thirty-five-year sentence. Considering the above, the Court believes that a sentence of

---

[3] On April 23, 2024, Ventura was sanctioned for making statements construed as threats. (Ex. 7 at 1, ECF No. 410 *SEALED*.)

360-months—that is, 30 years—would provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public to the same extent as his original 420-month sentence. Accordingly, the § 3553(a) factors weigh in favor of Ventura's release. Therefore, the Court reduces his sentence to 360 months, as set forth below.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 9th day of June, 2025, that: Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 401), as supplemented (ECF No. 406), is GRANTED IN PART. Specifically, the Court reduces Defendant's sentence to 360 months. That is, the Court sentences Defendant to 60 months on Count One; 120 months on Count Two, concurrent with sentence on Counts One; 240 months on Count Three, concurrent with sentences on Counts One and Two; 120 months on Counts Four and Five, concurrent with sentences on Counts One through Three; 360 months on Count Six, concurrent with sentences on Counts One through Five, for a total term of 360 months' incarceration.

A separate Order follows.

/s/
Richard D. Bennett
United States Senior District Judge